SOPHIA LOCHNER, Respondent, *v.* ELIZABETH MAAS *et al.*, Appellants.

*Supreme Court, First Department, General Term, July 9,* 1889.

1. *Dower. Release.*—The fund will not be paid to the remaindermen, without a release by the doweress of her interest in such fund, where its income is intended to satisfy her dower.
2. *Same.*—The release of one half of the fund and payment thereof will not operate to release the other half.

Appeal from an order denying a motion for an order that the referee in the action pay to two of the defendants

half of the sum deposited in the Central Trust Company as a sum in gross for the dower of one of the defendants.

*Roe & Macklin*, for appellant.

*F. W. Hollis*, for respondent.

VAN BRUNT, P. J.—This action was brought to obtain partition and sale of certain premises in the city of New York.

·The appellant, Elizabeth Maas, had a dower right in said premises, the half of which was owned by the plaintiff, Lochner, and the defendant, Mary E. Gasteyer. Out of the proceeds of sale, the sum of $4,331.09 was deposited in the Central Trust Co., by the referee to satisfy the claim for dower upon said premises, the doweress being entitled to the income thereof for life, and the remainder belonging to the plaintiff, Lochner, and to the said defendant, Mary E. Gasteyer, equally.

A motion was made upon an affidavit alleging that it had been agreed between the doweress and Mary E. Gasteyer, that one-half of said sum should be paid to them at once, leading the residue of said dower fund in court until the decease of said Elizabeth Maas, or until the further order of the court, for an order directing that the referee pay half of said sum to said Elizabeth Maas and Mary E. Gasteyer. This motion having been denied, from the order thereupon entered, this appeal is taken.

We cannot see by what right the appellants claim to take half of this fund from the court, and leave the balance remaining. It is true that the plaintiff and Mrs. Gasteyer own equally this fund subject to the life estate of their mother, Mrs. Maas. But as this seems to have been set aside to represent the dower of the mother in the premises sold, such dower attaches to the whole fund, and the interest also of the remaindermen attaches to the whole fund. It is difficult to see upon the papers before the court what

authority the court had to pay out this fund, there being no release whatever contained in the papers of the interest of Mrs. Gasteyer in the fund remaining in the hands of the trust company.

It is claimed that the mother was willing to release her dower as to this half of the fund and, therefore, there was no reason why it should not be paid over to the remainder-men. But this does not answer the proposition that there has been no release of any of the rights or interest whatever in the balance of the fund tendered, to anybody, and such release would not operate by the mere taking of one-half of the fund.

It would require some more formal action to convey the whole title in the remaining portion of the fund to the plaintiff, subject to her mother's right of dower.

We think, therefore, that the order appealed from was correct, and that it should be affirmed, with ten dollars costs and disbursements.

DANIELS and BRADY, JJ., concur in the result.